UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:23-cr-462-VMC-AAS

MARQUETT JAMES

_____/

**ORDER**

This matter is before the Court on consideration of Defendant Marquett James's pro se second Motion to Withdraw Guilty Plea (Doc. # 172), filed on September 7, 2025. The United States responded on October 2, 2025. (Doc. # 176). Upon review, the Court denies Defendant's Motion.

**Discussion**

Under Federal Rule of Criminal Procedure 11(d)(2), a defendant may withdraw his guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). "[T]here is no absolute right to withdraw a guilty plea prior to imposition of a sentence. The decision to allow withdrawal is left to

1

the sound discretion of the trial court." United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).

"[T]he defendant has the burden of showing a 'fair and just reason' for withdrawal of his plea. In determining whether the defendant has met this burden, the district court may consider the totality of the circumstances surrounding the plea." Id. at 471–72 (citations omitted). "Factors analyzed include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved, and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 472 (citations omitted).

After the Magistrate Judge issued a Report and Recommendation (Doc. # 161) to which Defendant objected (Doc. ## 163, 164), the Court denied Defendant's first motion to withdraw his guilty plea on August 29, 2025. (Doc. # 167). Shortly thereafter, Defendant filed the instant Motion, again seeking to withdraw his guilty plea. (Doc. # 172). Most of the arguments contained in this second Motion were raised in the first motion. All new arguments in the second Motion could have — and should have — been raised in the first motion as they were all known to Defendant when the first motion was

2

filed. See United States v. Gedeon, 746 F. App'x 910, 911 (11th Cir. 2018) ("The district court denied the renewed motion — without granting an additional evidentiary hearing — on the basis that the new issues Gedeon raised could, and should, have been raised in connection with his original motion to withdraw the guilty plea.").

Just as with the first motion to withdraw guilty plea, none of Defendant's arguments in this Motion merit the withdrawal of his guilty plea. As the Court explained for the first motion, "Defendant's claims of actual innocence and insufficient counsel are belied by his sworn statements made during the plea colloquy. Defendant's other arguments, including those about the anonymous tip call, the supposed conflict of interest of the investigating agency, and the sufficiency of the arrest warrant, are equally unpersuasive." (Doc. # 167 at 2). The Court's conclusion that all the Buckles factors weighed against withdrawal of the guilty plea still stands as to these renewed arguments, including about the initiation of the criminal investigation against him, the sufficiency of the evidence, and the legal sufficiency of his arrest warrant. See (Id. at 3) ("Regarding the Buckles factors, the Court agrees with Judge Sansone that Defendant received the close assistance of counsel and Defendant's

3

guilty plea was knowing and voluntary. Next, the Court agrees with Judge Sansone and the United States that the conservation of judicial resources hazards against allowing Defendant to withdraw his guilty plea. Finally, the United States would be prejudiced if Defendant withdrew his plea and proceeded to trial. The government would be required [to] attend further proceedings if Defendant were permitted to withdraw his plea, and allowing withdrawal 'would prejudice the government by undermining the finality of the plea change process.'" (citation omitted)).

Next, none of Defendant's new arguments supply "a fair and just reason" to withdraw the guilty plea. First, Defendant relies on the fact that he was undergoing a psychological evaluation to assess his competency for his pending state charges at the time he pled guilty in this case. (Doc. # 172 at 1). This fact does not support that Defendant's plea was not knowing and voluntary. Defendant does not allege that he was incompetent to proceed at the time of his guilty plea in this case. And, indeed, Defendant was found competent to proceed in the state court proceedings, such that there is no evidence Defendant was ever incompetent to proceed in this case or the state case. (Doc. # 176-1 at 4-5). At the beginning of the change of plea hearing, the Magistrate Judge

4

confirmed that Defendant had been found competent in state court. (Id. at 4-7). She also confirmed that Defendant's counsel in this case had no concerns over Defendant's competency. (Id.). The Magistrate Judge also noted that she had multiple interactions with Defendant during various hearings, which had not left her with any concerns over Defendant's competency. (Id.). Thus, Defendant's having undergone a psychological evaluation in state court (through which he was found competent) does not support that Defendant's guilty plea in this case was involuntary.

Nor does Defendant's argument that his counsel was ineffective during the plea phase have merit. Defendant's claims of dissatisfaction with counsel are belied by his sworn statements during the plea colloquy. (Doc. # 176-1 at 13-16). In contrast with his new allegations in this Motion (Doc. # 172 at 1, 3, 5), Defendant swore that he had discussed all his options with defense counsel and defense counsel had "done everything for [him] in this case that [Defendant] asked him to do." (Doc. # 176-1 at 13). Defendant agreed that he was "fully satisfied with [the] advice and the representation that [he had] received" from defense counsel. (Id. at 14). Defendant confirmed that he had reviewed his plea agreement with defense counsel, and that the edits made to the plea

5

agreement were made by Defendant and defense counsel. (Id. at 14-16). Defendant had the opportunity to ask defense counsel any questions he had, and defense counsel answered Defendant's questions to his satisfaction. (Id. at 16). "There is a strong presumption that the statements made during the colloquy are true." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Defendant's new allegations about counsel's conduct are insufficient to rebut that strong presumption. See Gedeon, 746 F. App'x at 911 ("Under our precedent, the district court was well within its discretion to rely on Gedeon's sworn testimony at the change-of-plea hearing and reject his later attempts to contradict that testimony."). Defendant received the close assistance of able counsel.

Similarly, Defendant's claim that unspecified "government employees organized an assault attack on Defendant" to coerce him into pleading guilty are belied by his sworn statements. Indeed, during the plea colloquy, Defendant was asked if anyone threatened, coerced, or forced him in any way to plead guilty. (Doc. # 176-1 at 18). Defendant responded "no, ma'am." (Id. at 19). Defendant agreed that he was "pleading guilty freely and voluntarily." (Id.). Defendant has presented no evidence besides his new

6

allegation that this assault took place. He cannot rebut the strong presumption that his sworn statement that no one threatened or coerced him into pleading guilty was untrue.

Finally, Defendant's new allegation of supposed judicial corruption is totally unsupported. Defendant "assume[s]" that unspecified government officials must have bribed the Magistrate Judge because the Magistrate Judge did not believe the relevant warrants were improper, as Defendant insisted. (Doc. # 172 at 3). Defendant's unsupported suspicion of impropriety falls far short of establishing a basis for withdrawing his plea.

As to all of Defendant's arguments, the Buckles factors continue to weigh against withdrawal of the guilty plea, as previously explained in the Report and Recommendation and Order denying Defendant's first motion. Defendant received the close assistance of counsel, his plea was knowing and voluntary, and allowing withdrawal of his plea would waste judicial resources and prejudice the government. Defendant's Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Marquett James's pro se second Motion to Withdraw Guilty Plea (Doc. # 172) is **DENIED.**

7

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th

day of October, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE